[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16459
Non-Argument Calendar

_____

D. C. Docket No. 91-00061-CR-T-23-B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MCKAY,
a.k.a. T,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 27, 2009)

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Appellant Antonio McKay, through counsel, appeals the sentence imposed

by the district court following its grant of his *pro se* motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. The district court found that Amendment 706 applied to McKay, and reduced his original 387-month high-end guideline range sentence of imprisonment to a high-end amended guideline range sentence of 322 months. On appeal, McKay argues that the district court erred in determining the extent of his sentence reduction because it did not consider his request for a sentence below the amended guideline range and it failed to consider the factors set forth in 18 U.S.C. § 3553(a).

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *Id.*

A district court may modify a term of imprisonment "in the case of a defendant who [was] sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the

sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. *Id.* at 781.

If the defendant is eligible for a sentence reduction under the first part of the analysis, the district court must consider the § 3553(a) factors under the second part of the analysis, regardless of whether it ultimately denies or grants the defendant § 3582(c)(2) relief. *United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009). Still, the district court need not specifically articulate the applicability of each factor, "as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." *United States v. Vautier*, 144 F.3d 756, 762 (11th Cir. 1998) (quotation omitted).

We conclude from the record that the district court did not err in rejecting McKay's request for a below-amended guideline range sentence because it lacked the authority to do so. *See* U.S.S.G. § 1B1.10(b)(2)(A) (2008) (stating that, generally, the court "shall not reduce the defendant's term of imprisonment under

18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"); *United States v. Melvin*, 556 F.3d 1190, 1193–94 (11th Cir. 2009) (holding that the district court erred in sentencing the defendant below the amended guideline range in violation of the applicable guidelines policy statements), *petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664). Furthermore, the record demonstrates that the district court took into account the pertinent § 3553(a) factors in determining the extent of McKay's sentence reduction. *See United States v. Eggersdorf*, 126 F.3d 1318, 1322–23 (11th Cir. 1997) (holding that the record demonstrated that the district court took into account the pertinent § 3553(a) factors when the court briefly stated that it had reviewed the government's brief, and in its brief, the government had set out the pertinent factors and enumerated facts relevant to the factors). Accordingly, we affirm McKay's sentence.

**AFFIRMED.**